HENRY C. PITNEY, JOHN R. EMERY, FREDERIC W. STEVENS, MARTIN P. GREY, EUGENE STEVENSON, JAMES J. BERGEN AND LINDLEY M. GARRISON, VICE-CHANCELLORS.

CHARLES P. MOORE

*v.*

CHARLES B. DURNAN et al.

[Decided November 6th, 1905.]

1. Where a decree directed that, on complainant tendering to defendants a certain bond to indemnify defendants from any liability on a lost check, defendants should pay complainant $450 and taxed costs, the de-

1

cree required payment only after tender of the security, and therefore did not carry interest until after that date.

2. Where a decree directed payment of a lost check on complainant tendering to "two defendants" a certain bond, a bond given to only one of the defendants was not a compliance with the decree.

On motion to set aside execution.

*Mr. Marlin P. Devlin,* for the motion.

*Mr. William J. Backes, contra.*

MAGIE, CHANCELLOR.

The bill in this cause was for the enforcement of a lost check for $450. On March 8th, 1902, a decree directed that upon complainant's tendering to the two defendants a bond for $500, with sureties, &c., to indemnify defendants against any liability upon the check, defendants should pay to complainant $450 and the taxed costs, and in default of payment that the complainant should have execution for said debt and costs.

On October 5th, 1905, complainant issued execution in the cause for $450, with interest thereon, calculated from the date of the decree.

A motion is now pending to set aside the execution, the defendants claiming that it is excessive in including interest to a greater amount than the decree justifies.

It is conceded that no bond, with securities, for indemnifying the defendants, was tendered until September 25th, 1905. Defendants insist that no interest can be exacted from them except from that date.

If the decree had required an immediate payment of the amount, it would doubtless have had the effect of a judgment at law and carried interest thereon from its date. *Chancery act of 1902 p. 524 § 44; Wilson* v. *Marsh, 13 N. J. Eq. (2 Beas.) 289.* But the decree required payment, not immediately, but only after the tender of security to indemnify, and until that had been done defendants could not be compelled to pay. Considering that indemnity was deemed necessary, it may be said that they could not safely pay.

It follows, in my judgment, that the decree did not justify the execution for interest, except for so much as accrued after the tender of the required indemnity. I have not been referred to any authorities on this subject, and I have found no case myself, except *Bushnan* v. *Morgan, 5 Sim. 635,* which seems in point, though the English decisions of that period on the subject of interest sustain doctrines which are not now admitted.

Among the papers submitted on this motion is a bond, which I presume was that which was tendered. If so, it does not conform to the terms of the decree, for it is given to only one of the defendants.

Upon the ground first mentioned, however, viz., that the execution is for an excessive amount, I think the motion must prevail.